IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANDRES JOHN CORTEZ #19949-078 | § § § | |
| | § | CIVIL ACTION NO. 4:15CV574 |
| v. | § | CRIMINAL NO. 4:11CR247 |
| | § § | |
| UNITED STATES OF AMERICA | § | |

**ORDER OF DISMISSAL**

The above-entitled and numbered civil action was referred to United States Magistrate Judge Kimberly Priest Johnson. The Report and Recommendation of the Magistrate Judge (the "Report") (Dkt. 22), which contains proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. The Report recommends that the court deny Cortez' Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Dkt. 1), dismiss the case with prejudice, and deny a certificate of appealability. Cortez has filed written Objections (Civ. Dkt. 24). Having made a *de novo* review of the Objections, the court concludes that the findings and conclusions of the Magistrate Judge are correct and adopts the same as the findings and conclusions of the court.

Cortez' sole objection is to the Magistrate Judge's conclusion that he was not sentenced in excess of the statutory maximum. *See* Dkt. 24 at 2-4. The Magistrate Judge found the facts relevant to Cortez' sentence as follows:

> Movant argues that he was sentenced in excess of the maximum sentence allowable by law. Movant was charged with conspiracy to distribute or possess with intent to distribute illicit drugs under 21 U.S.C. §§ 841 and 846. Section 841(b) sets forth the applicable penalties for violation of §§ 841 and 846, which vary depending on the type and quantity of drugs involved. In Movant's case, he was subject to a statutory maximum sentence of five (5) years' imprisonment and no mandatory

1

> minimum if the conspiracy involved less than fifty (50) kilograms of marijuana and no other illicit substance. *See* 21 U.S.C. § 841 (b)(1)(D). He was subject to a mandatory minimum sentence of ten (10) years' and a maximum of life imprisonment if the conspiracy involved five (5) kilograms or more of cocaine, fifty (50) grams or more of methamphetamine, or five hundred (500) grams or more of a mixture or substance containing methamphetamine. *See* 21 U.S.C. § 841 (b)(1)(A).
>
> The jury's special verdict found Movant guilty of conspiracy and held him responsible for five hundred (500) grams or more of a mixture or substance containing methamphetamine and less than fifty (50) kilograms of marijuana. *See* Crim. Dkt. 302.

Dkt. 22 at 7. Cortez does not dispute these factual findings. However, he renews his argument that "the jury's type and quantity finding as to the marijuana dictates the applicable sentencing range. Thus, he argues his sentence should have been capped at five (5) years' imprisonment." *Id.*

Cortez' argument is based on an erroneous interpretation of the Supreme Court's holding in *Edwards v. United States*, 523 U.S. 511, 513–15 (1998).[1] *See* Dkt. 24 at 2-4. In *Edwards*, two defendants challenged the sentences imposed by a judge following their convictions under 21 U.S.C. §§ 841 and 846. *Id.* at 513. The defendants had been found guilty of participation in a drug conspiracy involving cocaine and/or cocaine base (crack) by a general jury verdict. *Id.* Since the indictment permitted conviction for a conspiracy involving either cocaine or crack, the defendants argued the judge's sentences were unlawful insofar as they were based upon crack, which the Sentencing Guidelines treated more severely than cocaine. *Id.* The issue before the Court was whether judge or jury was responsible for determining the type and quantity of drugs involved in a multi-drug conspiracy for the purpose of determining "relevant conduct" at sentencing. *Id.* at 513-14. The Court explained, "[t]he Sentencing Guidelines instruct *the judge* in a case like this one to determine both the amount and the kind of 'controlled substances' for which a defendant

---

[1] Cortez also relies on *United States v. Riley*, 142 F.3d 1254, 1256 (11th Cir. 1998), in which the Eleventh Circuit applied, but did not expand, the holding in *Edwards* to a drug conspiracy case that was "virtually identical" to the case at issue in *Edwards*.

should be held accountable—and then to impose a sentence that varies depending upon amount and kind." *Id.* Because the trial judge had done so, the defendants' sentences were upheld. *Id.*

The Court also explained the significance of the fact that, in *Edwards*, the relevant Guidelines sentencing range and statutory maximum penalties were the same for a conspiracy involving cocaine, crack, or both, given the quantities of drugs attributed to each defendant. *Id.* at 514-15. The Court noted the case might have turned out differently "if it were possible to argue, say, that the sentences imposed exceeded the maximum that the statutes permit for a cocaine-only conspiracy. That is because a maximum sentence set by statute trumps a higher sentence set forth in the Guidelines." *Id.* at 515 (citing *United States v. Orozco-Prada,* 732 F.2d 1076, 1083-84 (2d Cir. 1984) (explaining that a court may not sentence a defendant under statutory penalties for cocaine conspiracy when the jury may have found a marijuana-only conspiracy, which carried a less stringent penalty)). Thus, the Court carved out an exception to its own rule applicable when, as in the instant case, conviction of conspiracy involving one charged drug type and quantity allows for a sentence above the statutory maximum for another.

The Court of Appeals for the Sixth Circuit interpreted the *Edwards* exception in *United States v. Dale*, 178 F.3d 429, 433 (6th Cir. 1999), explaining, "[t]he implication . . . is that the shorter maximum sentence should be used if the verdict is merely general, rather than specific, and the one drug allows for a sentence above the maximum for another charged drug. This implication is strengthened by the Court's approving reference to [*Orozco-Prada*, 732 F.2d at 1083-84], which held that following a general jury verdict on a conspiracy to distribute both cocaine and marijuana, a court may not sentence a defendant under the statutory penalties for cocaine conspiracy, as the jury may have found only a marijuana conspiracy."

In the instant case, Cortez was convicted by special verdict of conspiracy to distribute or possess with intent to distribute five hundred (500) grams or more of a mixture or substance containing methamphetamine and less than fifty (50) kilograms of marijuana. *See* Crim. Dkt. 302. Cortez argues the exception in *Edwards* precluded imposition of a sentence based on the jury's type and quantity finding as to methamphetamine because the applicable sentencing range for a conspiracy involving methamphetamine is longer than for a marijuana-only conspiracy. However, *Edwards* only limits a judge's sentencing discretion when a defendant is charged with conspiracy covering multiple drugs, one charged drug allows for a sentence above the maximum for another charged drug, *and the jury verdict is merely general rather than specific*. In such instances, a defendant's sentence may not exceed the shortest maximum dictated by the drug types and quantities alleged in the charging document. *See Dale*, 178. F.3d at 433 (interpreting *Edwards*); *see also United States v. Cooper*, 966 F.2d 936, 940 (5th Cir. 1992) ("a sentencing judge faced with a conviction on a count that charged the violation of more than one statute, but where the jury failed to specify the violation found, is limited to imposing a sentence that does not exceed the maximum penalty under the statute providing the least severe punishment."). On the other hand, when the jury returns a special verdict holding a defendant responsible for specific drug types and quantities, the judge need not limit the sentence to the shortest maximum. Rather, the judge may impose any sentence within the statutory range or ranges dictated by the jury's specific type and quantity findings. *See Dale*, 178. F.3d at 433.

The Magistrate Judge reasoned:

> [T]he jury found by special verdict that Movant was responsible for five hundred (500) grams or more of a mixture or substance containing methamphetamine and less than fifty (50) kilograms of marijuana. Because the jury's type and quantity findings were unambiguous, the district judge was not limited to sentencing Movant based on the drug carrying the lowest penalty—marijuana. Rather, the district judge had authority to impose a sentence up to, but not exceeding the maximum dictated by

> the jury's finding as to methamphetamine. The one hundred and twenty (120) month prison term imposed by the district judge falls well below the life sentence authorized by § 841(b)(1)(A)(viii). Movant's claim that his sentence could not lawfully exceed five (5) years' imprisonment—the statutory maximum for a conspiracy involving only less than fifty (50) kilograms of marijuana—lacks merit.

Dkt. 22 at 8-9. These conclusions do not misapply *Edwards*, as Cortez contends, and are otherwise consistent with federal law. Accordingly, Cortez' objection lacks merit.

In light of the foregoing, it is **ORDERED** that Cortez' Motion to Vacate, Set Aside or Correct Sentence (Dkt. 1) is DENIED, and this case is **DISMISSED** with prejudice. A certificate of appealability is DENIED. All motions by either party not previously ruled on are **DENIED**.

**SIGNED this the 4th day of April, 2017.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE